```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/14/11
```

# Law Office of Richard A. Altman
285 West Fourth Street
New York, New York 10014

Tel. 212.633.0123
Fax 917.463.1006
altmanlaw@earthlink.net
artesq@earthlink.net

November 9, 2011

BY FAX – 212.805.7991

Hon. J. Paul Oetken
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re: *Biro v. Condé Nast et al.*, 11-cv-04442 (JPO)

Your Honor:

I represent plaintiff Peter Paul Biro in this defamation action, and write to raise three procedural matters. I have presented these matters to defendants' counsel yesterday, and incorporate his responses, although I assume that he will write to the Court separately.

*[Granted JPO]* 1. I would request one additional week to file a supplemental complaint containing additional claims against other defendants, arising from events which have occurred since the original filing. The complaint is now due on November 11, and this is the first request for an extension. Defendants' counsel takes no position on this request, and neither opposes nor supports it.

2. Defendants' memorandum of law in support of their motion to dismiss is 35 pages long, permission for which Your Honor granted. However, the memorandum contains three addenda, comprising an additional 15 pages of charts purporting to summarize the allegations in the amended complaint and defendants' responses thereto. Addenda to memoranda are usually unreported legal cases, not factual assertions. I consider their inclusion improper and an unfair burden on the Court and on me. Defendants' position is that the material is simply a summary in chart form of the positions in the memorandum, organized for the Court's convenience, and that it aligns the allegations in the complaint with the legal arguments in the memorandum.

However, regardless of the purpose of the addenda, the memorandum is still 50 pages long, not 35. I ask that the addenda either be stricken or that defendants be directed to file a new memorandum limited to 35 pages, inclusive of any such summaries. If Your Honor agrees with my position, I would ask that you set dates for submission of a revised memorandum,

-2-                                                    Hon. J. Paul Oetken

plaintiff's opposition and a reply. I also note my objection to the inclusion of a factual declaration from defendant Grann on a motion to dismiss, but that will be addressed by a cross-motion.

3. In the text order entered following our telephone conference on October 28, Your Honor adjourned the date for completion of discovery. However, there is no specific stay of discovery in the interim, although Your Honor did state that you wanted to review the parties' submissions on the motion to dismiss first. I wish to serve requests for production of documents and requests for admissions only, with commencement of depositions to await the determination of the motion. Defendants' counsel objects to this. I think it more expeditious to proceed in this limited way, but would request clarification before doing so to avoid any unnecessary disputes or violations of Your Honor's intentions.

I appreciate the Court's attention.

Respectfully,

Richard A. Altman

copy to
David Schulz, Esq.
(by email)

1. Plaintiff's request for an additional week in which to file a supplemental complaint is granted.

2. The addenda to defendants' memorandum of law are permissible insofar as they merely organize the allegations and arguments. Plaintiff may file a memorandum of law up to 35 pages and may include comparable addenda.

3. In light of the filing of a motion to dismiss, defendants' request for a temporary stay of discovery is granted. Discovery is stayed pending further order of the court. So ordered. JPOetken
11/10/11                U.S.D.J.