

**Law Office of Richard A. Altman**
285 West Fourth Street
New York, New York 10014

Tel. 212.633.0123
Fax 917.463.1006
altmanlaw@earthlink.net
artesq@earthlink.net

February 11, 2013

BY FAX – 212.805.7991
Hon. J. Paul Oetken
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
FEB 14 2013

Re: *Biro v. Condé Nast et al.*, 11-cv-04442 (JPO)

The Clerk of Court is Directed to:
___ Term motion (doc. #___)
✓ Doc. and File As: Letter

Your Honor:

    I was not intending to respond to Mr. Schulz's aggressive yet puzzling letter of February 8, but now that it has been docketed, I believe it necessary to do so. The letter is aggressive because he says–despite this Court's ruling that Mr. Biro has stated valid claims–that Mr. Biro should have no discovery whatever. It is puzzling because Mr. Schulz has it exactly backwards. If Mr. Biro is a public figure, then he has the burden to prove malice, evidence of which is in the New Yorker's sole possession, and which he cannot develop without discovery. But if Mr. Biro is not a public figure, then proof of malice is unnecessary. In fact, in that case he could even arguably move for summary judgment in his favor as to liability, based solely upon the false and defamatory statements in the New Yorker article. I am aware of no case where a libel plaintiff (public figure or not) with a valid claim–meaning, by definition, that the complained-of language is reasonably susceptible of a defamatory connotation–has had summary judgment granted against him without the opportunity for any discovery. Such a ruling would be completely illogical. So if Mr. Schulz moves for summary judgment, then Mr. Biro will just file a Rule 56(d) declaration, and we will waste months of everyone's time in pointless motion practice.

    Putting it bluntly, I believe that Mr. Schulz's letter suggests that his clients have something to conceal. Mr. Schulz does not need "guidance from the Court," as he says; he already knows the rules of civil procedure. His letter is a direct challenge to Mr. Biro's right to find out how and why the article came to be written, and what those persons responsible for it knew when they published it. I respectfully ask that the Court enforce that right.

    I appreciate the Court's attention.

Respectfully,

/s/ Richard Altman