UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

PETER PAUL BIRO,

                    Plaintiff,

      -against-                                    11-cv-4442 (JPO)

CONDÉ NAST, a division of
ADVANCE MAGAZINE PUBLISHERS INC.,
et al.,
                    Defendants.

-------------------------------------------------------------x

MEMORANDUM OF LAW IN OPPOSITION TO
RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

LAW OFFICE OF RICHARD A. ALTMAN
Attorneys for Plaintiff
285 West Fourth Street
New York, New York 10014
212.633.0123
altmanlaw@earthlink.net
artesq@earthlink.net

T<small>ABLE OF</small> C<small>ONTENTS</small>

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I:
IT IS LAW OF THE CASE THAT MR. BIRO HAS STATED CLAIMS
FOR DEFAMATION.  THIS MOTION IS THE THIRD FACIAL CHALLENGE
TO THE SAME PLEADING, AND IT MUST BE DENIED.. . . . . . . . . . . . . . . . . . . . . . 4

POINT II:
A DEFENDANT CANNOT MOVE TWICE
TO DISMISS THE SAME COMPLAINT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

POINT III:
THE MOTION SHOULD BE DENIED
BECAUSE MATERIAL FACTS ARE IN DISPUTE.. . . . . . . . . . . . . . . . . . . . . . . . . . . 10

POINT IV:
THE COMPLAINT SUFFICIENTLY PLEADS MALICE,
WHETHER MR. BIRO IS A PUBLIC FIGURE OR NOT. . . . . . . . . . . . . . . . . . . . . . . 12

POINT V:
THE INCREMENTAL HARM DOCTRINE DOES NOT EXIST. . . . . . . . . . . . . . . . . 17

CONCLUSION... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

TABLE OF AUTHORITIES

PAGE(S)

FEDERAL CASES

*Abakporo v. Sahara Reporters*, 2011 U.S. Dist. LEXIS 109056 (E.D.N.Y.Sept. 26, 2011). . . . 13

*Arizona v. California*, 460 U.S. 605, 75 L.Ed 2d 318, 103 S.Ct. 1382 (1983). . . . . . . . . . . . . . 5

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). . . . . . . . . . . . . . . . 6

*Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163 (2d Cir.2000). . . . . . . . . . . . . . . . . . . 14

*Church of Scientology Int'l v. Behar*, 238 F.3d 168 (2d Cir.2001). . . . . . . . . . . . . . . . . . . . . . . . 12

*Church of Scientology Int'l v. Time Warner*, 932 F.Supp. 589 (S.D.N.Y.1996). . . . . . . . . . . . . . 18

*Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975). . . . . . . . 16

*Dalbec v. Gentleman's Companion, Inc.*, 828 F.2d 921 (2d Cir.1987). . . . . . . . . . . . . . . . . . . . . 14

*DeWeerth v. Baldinger*, 38 F.3d 1266 (2d Cir.1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Diario El Pais, S.L. v. The Nielsen Co.*,  2008 U.S. Dist. LEXIS 92987
   (S.D.N.Y. Nov. 6, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 105 S.Ct. 2939,
   86 L.Ed.2d 593 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Egiazaryan v. Zalmayec*, 2011 U.S. Dist. LEXIS 140851 (S.D.N.Y. Dec. 7, 2011). . . . . . . . . . 14

*Fehlhaber v. Bd. of Educ. of the Utica City School District*, 2010 U.S. Dist. LEXIS 115408
   (N.D.N.Y. Oct. 29, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*FRA S.p.A. v. Surg-O-Flex of America, Inc.*, 415 F.Supp. 421 (S.D.N.Y.1976). . . . . . . . . . . . . 6

*Goldwater v. Ginzburg*, 414 F.2d 324 (2d Cir.1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Galu v. SwissAir*, 1987 U.S. Dist. LEXIS 12628 (S.D.N.Y.August 3, 1987). . . . . . . . . . . . . 19

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). . . . . . . . . . 17

*Guy v. Astrue*, 615 F.Supp.2d 143 (S.D.N.Y.2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hayden v. Paterson*, 594 F.3d 150 (2d Cir.2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Herbert v. Lando*, 781 F.2d 298 (2d Cir.1986), *cert.den.*, 476 U.S. 1182 (1986). . . . . . . . . . . . 19

*In re Ski Train Fire in Kaprun, Austria, on November 11, 2004,* 224 F.R.D. 543 (S.D.N.Y.2004).  5

*Jewell v. NYP Holdings, Inc.*, 23 F.Supp.2d 348 (S.D.N.Y.1998). . . . . . . . . . . . . . . . . . . . . . . 18

*Jung Sun Laundry Group Corp. v. Laundry, Dry Cleaning, & Allied Workers Joint Board*,
    2010 U.S. Dist. LEXIS 116961 (S.D.N.Y. Nov. 1, 2010). . . . . . . . . . . . . . . . . . . . . . 13

*Karedes v. Ackerley Group, Inc.*, 423 F.3d 107 (2d Cir.2005). . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Liberty Lobby, Inc. v. Anderson*, 746 F.2d 1563 (D.C.Cir.1984),
    *rev'd on other grounds*, 477 U.S. 242. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 111 S. Ct. 2419,
    115 L. Ed. 2d 447 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Masson v. New Yorker Magazine, Inc.*, 895 F.2d 1535 (9th Cir.1989). . . . . . . . . . . . . . . . . . . . 17

*Murray v. Goord*, 2009 WL 3526574 (N.D.N.Y. Oct. 23, 2009). . . . . . . . . . . . . . . . . . . . . . . . 7

*Murray v. Goord*, 2009 U.S. Dist. LEXIS 98691 (N.D.N.Y. July 6, 2009). . . . . . . . . . . . . . . . . 7

*New York Times v. Sullivan*, 376 U.S. 254, 280, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964). . . . . . . 3

*Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand*,
    322 F.3d 147 (2d Cir.2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Saldanha v. Baidyaroy*, 1992 U.S. Dist. LEXIS 8391 (S.D.N.Y. June 15, 1992). . . . . . . . . . . . 10

*Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639 (2d Cir.1988). . . . . . . . . . . . . . . . . . . . . . . . 10

*Sharma v. Skaarup Ship Management Corp.*, 699 F.Supp. 440 (S.D.N.Y.1988),
    *aff'd* 916 F.2d 820 (2d Cir.1990), *cert.den.* 499 U.S. 907. . . . . . . . . . . . . . . . . . . . . . . . 9

*Silver v. NL Indus., Inc.*, 1985 U.S. Dist. LEXIS 23104 (S.D.N.Y. Jan. 28, 1985). . . . . . . . . . . 8

*St. Amant v. Thompson*, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968). . . . . . . . . . . . . . 15

FEDERAL RULES

12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   passim

12(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   passim

12(g)(2).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

12(h). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

12(h)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8


STATE CASES

*Rinaldi v. Holt, Rinehart & Winston, Inc.*, 42 N.Y.2d 369 (1977). . . . . . . . . . . . . . . . . . . . . . . .   16


OTHER AUTHORITIES

C. Wright & A. Miller, Federal Practice and Procedure. . . . . . . . . . . . . . . . . . . . . . . . . . .   10

<u>PRELIMINARY STATEMENT</u>

Plaintiff's attorneys, Law Office of Richard A. Altman, submit this memorandum of law in opposition to the Rule 12(c) motion by defendants Condé Nast and David Grann for judgment on the pleadings.[1]   This is the defendants' *third* attempt to evade the legal consequences arising from for their potentially libelous Article, a conclusion which is not just Mr. Biro's, but the Court's. The present motion is nothing but a delaying tactic intended to exhaust Mr. Biro's resources, and it should be denied.  Despite their objection to the costs of discovery, Mr. Biro has the right to know exactly how and why the Article came to be written and published.  It is well past time that the Court allow discovery to proceed, and we respectfully ask the Court to allow Mr. Biro to proceed promptly to try to restore his devastated reputation and to obtain the redress which the law affords him.

The defendants advance two arguments: First, they say that the complaint[2] is fatally defective for failure to plead constitutional malice sufficiently, and second, that the incremental harm doctrine bars any relief as a matter of law, because the non-actionable statements in their

---

[1]  Unless the context indicates otherwise, "defendants" herein refers only to Condé Nast and David Grann.

[2]   As used herein, "the complaint" refers to the Third Amended and Supplemental Complaint (Dkt. #92), although the defendants' first motion to dismiss was directed to the Second Amended Complaint.  In granting Mr. Biro leave to file the Third one (which brought in and dropped other defendants), the Court specifically directed that the claims against the New Yorker defendant remain unchanged (Dkt #72 at 1): "Consistent with prior orders in this case, he may not amend the original allegations of the prior complaint against Defendants Advance and Grann. Because the proposed third supplemental complaint submitted with Plaintiffs motion papers does not seek to amend those allegations, the proposed complaint is permitted." Apart from a few minor changes in wording and background facts, the third one was unchanged, and in any event, the defendants ignore those minor changes.

Article are already so damaging to his reputation that the statements which are actionable cannot cause any further harm.  Neither contention has any merit whatever.

The motion should be denied for eight reasons:

1.  It is law of the case that Mr. Biro has stated a claim upon which relief can be granted. In fact, the Court has ruled that he has sufficiently stated <u>eight</u> claims, in that the Court has ruled that four statements published in the Article are capable of a defamatory connotation, and that he has also stated claims for special damages based upon those statements.  This conclusion of law cannot be reversed here, where absolutely nothing has changed in either the facts or the law since the first motion, and the complaint before the Court is essentially identical to the one previously sustained.

2.  Because the motion seeks judgment on the pleadings, not merely a dismissal, it is essentially a premature motion for summary judgment in advance of discovery.  But it is impossible for the defendants to demonstrate on this motion, as they must, that there are no issues of fact.  They filed an answer following the denial of their first motion, but they make absolutely no reference to any of the many allegations or defenses in it (other than to note the fact of its filing).  Yet their answer contains so many denials of Mr. Biro's allegations that they cannot possibly meet their Rule 12(c) burden to show that there are no issues of fact.

3.  The motion is procedurally improper, in that it is the second motion against essentially the same complaint, on the same legal basis, namely that it fails to state a claim upon which relief can be granted.  Although it is arguably permitted by reverse implication from Rule 12(h), it is still dilatory and meritless.  Thus, this motion is not truly a Rule 12(c) motion, but is really just

a second Rule 12(b)(6) motion, based on two new theories which they either forgot to try the first time, or decided to hold in reserve in case their first attempt failed.

4.   The attack on the complaint based upon failure to plead malice is improper, and should be deemed waived, because their first motion could have argued it, but did not.  The Court's ruling explicitly upholds the legal sufficiency of those portions of the complaint arising from the four statements, and implicitly must be read as incorporating any malice requirement required by the applicable law, whether or not it was asserted at the time.  Once the Court determined that the Article's language is susceptible of a defamatory connotation, the complaint is no longer subject to attack.

5.   The motion assumes that Mr. Biro is a public figure, and that defendants have already won their motion to have him declared one.  But that motion remains *sub judice*.  Rather, it must be presumed at this point that he is a private person, because he is entitled to have all inferences arising from the pleaded facts drawn in his favor.  He is not automatically initially subject to the more stringent pleading standards imposed upon public figures just because defendants say so. A private figure plaintiff need plead only in accord with the standard of gross negligence under New York law, without any *Sullivan*[3] First Amendment issues arising.  Moreover, that they only moved for a ruling on his public figure status after the Court upheld some of his claims–instead of doing so in their first motion–proves their dilatory motion practice.

6. Even if the Court declares Mr. Biro to be a public figure, the allegations of malice in the complaint are sufficiently pleaded at this initial stage.  We have argued in opposition to the

---

[3]   *New York Times v. Sullivan*, 376 U.S. 254, 280, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964),

motions of the other defendants that the allegations are sufficient, and would incorporate those arguments and authorities here.

7. Nonetheless, if (and only if) he is a public figure, he should be permitted another amendment of the claim to address any deficiencies in pleading malice which still may remain, and we ask that the Court permit him to replead in that event. Plaintiff has on his own uncovered certain facts which can further support a conclusion of malice, and if necessary, they will be incorporated into yet another complaint, with the leave of the Court we request.

8. Finally, the incremental harm doctrine which they assert simply does not exist, and has been repudiated repeatedly in the case law.  Neither it nor the subsidiary meaning doctrine is a basis for dismissal at the pleading stage, and no court has apparently done so.


POINT I

IT IS LAW OF THE CASE THAT MR. BIRO HAS STATED CLAIMS
FOR DEFAMATION.  THIS MOTION IS THE THIRD FACIAL CHALLENGE
TO THE SAME PLEADING, AND IT MUST BE DENIED.

In its decision denying in part the defendants' Rule 12(b)(6) motion (Dkt. #70), the Court held that four statements in the Article were susceptible of a defamatory connotation, and denied the motion to that extent.  It also held that Mr. Biro had stated four claims for false statements causing special damages.  Those holdings were adhered to following the defendants' motion for reconsideration.  It is thus law of the case that Biro has stated no less than eight claims upon which relief may be granted.  In other words, whatever allegations were needed to defeat the motion have been pleaded sufficiently under the applicable law.  That determination cannot be revisited without some very good reason, and there are no such reasons here.

"As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618, 75 L.Ed 2d 318, 103 S.Ct. 1382 (1983). Moreover, "the doctrine of the law of the case applies to issues that have been decided either expressly or by necessary implication." *DeWeerth v. Baldinger*, 38 F.3d 1266, 1271 (2d Cir.1994)(citation and quotation marks omitted).

While the doctrine of law of the case is not as rigid as *res judicata*, there must still be some new reason in either fact or law to justify the court's reversing itself. It is "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *In re Ski Train Fire in Kaprun, Austria, on November 11, 2004*, 224 F.R.D. 543, 546 (S.D.N.Y.2004)(*quoting Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand*, 322 F.3d 147, 167 (2d Cir.2003)).

The defendants' first motion did not challenge the complaint for failure to sufficiently plead malice. But that is not determinative. The Court's partial denial of that motion necessarily implied that malice was sufficiently pleaded with respect to the upheld claims, whether Mr. Biro is a public figure or not. If the former, the allegations of malice are presumptively sufficient; if the latter, then the allegations of malice in the complaint are surplusage. And in either event, the argument should be considered waived, because it was not raised in the first motion to dismiss.

This motion is essentially a rematch over the legal sufficiency of the sustained claims against the defendants. This Court has already found that their allegations are legally and

factually sufficient, and the Court further rejected their request to reconsider its ruling.  Thus, this is actually the third attempt to dismiss the same claims.  It should be denied on grounds of law of the case.  Having battled for the better part of two years to have the Court uphold significant portions of his complaint–a difficult enough task in a defamation case against a powerful media defendant, not to mention the enormous pleading hurdles imposed since *Iqbal*[4]–Mr. Biro is entitled to proceed to develop the evidence he needs to win his case.  The motion should be denied.

POINT II

A DEFENDANT CANNOT MOVE TWICE<br>TO DISMISS THE SAME COMPLAINT.

Apart from law of the case, this motion is procedurally improper.  It is the second motion directed against essentially the same complaint, seeking dismissal for failure to state a claim upon which relief can be granted.  Rule 12(h)(2) essentially says that a motion to dismiss for failure to state a claim under Rule 12(b)(6) may be made either before service of an answer, or post-answer as a motion for judgment on the pleadings under Rule 12(c).  But it does not say that a defendant can move <u>twice</u> against the same complaint, and it would violate the spirit of the Rules to so interpret them.  See *FRA S.p.A. v. Surg-O-Flex of America, Inc.*, 415 F.Supp. 421, 424 (S.D.N.Y.1976), which denied a second motion to dismiss for failure to state a claim on the ground that it was dilatory: "The purpose of a Rule 12(b) motion is to expedite a hearing on the

---

[4]   *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

merits of an action, not to outfit a party with tactical armaments for delay and harassment of his adversary."

These defendants essentially ignore this policy, noting only that "[s]o long as it does not seek to re-litigate issues previously decided, a Rule 12(c) motion for judgment on the pleadings may properly be made after the denial of a Rule 12(b)(6) motion to dismiss." Memo at 3 n. 2. In support of this dubious proposition, they cite two cases, neither of which supports it, and one of which hold the exact opposite. And this motion is precisely an attempt "to re-litigate issues previously decided," namely by asking the Court to reverse its conclusion that the complaint states a claim upon which relief can be granted.

The first case they cite is *Murray v. Goord*, 2009 WL 3526574, at *3-5 (N.D.N.Y. Oct. 23, 2009). The citation is incorrect. Their citation is to the District Court's dismissal, without discussion, of a prisoner's *pro se* action following a Magistrate Judge's report and recommendation, based upon plaintiff Murray's failure to file objections. In that report and recommendation, the citation for which is *Murray v. Goord*, 2009 U.S. Dist. LEXIS 98691 (N.D.N.Y. July 6, 2009), the defendant had brought a partially unsuccessful Rule 12(b) motion and later, after answering, a Rule 12(c) motion. The Magistrate Judge said:

> [W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. Thus, a prior decision in a case on a particular issue is afforded controlling precedent throughout later stages of the same litigation and a court is obligated to follow previous decisions in the same case when deciding subsequent motions.
>
> Goord moves here for judgment on the pleadings on the ground that the complaint fails to allege his personal involvement in the constitutional violations. Goord previously moved to dismiss the complaint for failure to allege his personal involvement and that motion was denied due to his alleged personal

involvement...Thus, the current law of the case is that, construing the facts in the light most favorable to Murray, he has sufficiently alleged a claim against Goord to withstand a motion to dismiss. No new or additional facts or evidence have been submitted to transform the pending motion into a motion for summary judgment. Thus, the issue presented remains the same as that presented in Goord's previous motion...

The prior motion sought to dismiss Murray's Eighth Amendment claims...As to this claim, Goord's motion for judgment on the pleadings should be denied on this ground.

2009 U.S. Dist. LEXIS 98691 at *6-7 (citations and quotation marks omitted).

Although the report and recommendation went on to recommend granting of the Rule 12(c) motion on other grounds, it still stands for the proposition that a Rule 12(c) motion will be denied if it is directed to the same pleading which has previously been upheld after a Rule 12(b)(b) motion.

The second case they cite, *Silver v. NL Indus., Inc.*, 1985 U.S. Dist. LEXIS 23104 (S.D. N.Y. Jan. 28, 1985), was a post-answer Rule 12(c) motion after a pre-answer Rule 12(b)(6) motion, but the second motion was <u>against an amended complaint</u>, which included new allegations of fraud against the defendant. The Court said that there had been "a series of amended pleadings which I need not describe in detail," *id*. at *14. Moreover, the first decision was in a prior action which the plaintiff had voluntarily dismissed; it was not even a decision in the same case. By contrast, the complaint before the Court on this motion is nearly identical to the one which has been upheld, in the same case.

Putting it another way, Rule 12(h)(2) is the sole exception to the general rule in Rule 12(g)(2) that all defenses not asserted in a pre-answer motion are deemed to have been waived. But this exception can not fairly be read to give a defendant two opportunities to bring a

dismissal motion against the same complaint.  The Rule says only that a defendant does not waive the right to move to dismiss for failure to state a claim by waiting until after filing an answer, and that the motion can be brought either before or after.  But that is not the same thing as allowing a defendant to move twice in every case against the same complaint, once pre-answer and once post-answer.  If that were so, every plaintiff would have to defeat two motions, not just one, in order to proceed to discovery.

The few cases which permitted a second such motion involved either an amended complaint, or the court's having granted leave to renew the motion for specific reasons.  *See, e.g.,* *Sharma v. Skaarup Ship Management Corp.,* 699 F.Supp. 440 (S.D.N.Y.1988), *aff'd* 916 F.2d 820 (2d Cir.1990), *cert.den.* 499 U.S. 907, in which the Court denied in part defendant's first 12(b)(6) motion and permitted plaintiff to amend his complaint, but then specifically stated that the denial of the first motion had been without prejudice to its renewal following the amendment. 699 F.Supp. at 444.

Here, by contrast, the Court did not grant such leave, and implicitly barred another dismissal motion for failure to state a claim, because in granting plaintiff leave to replead, it directed that the claims which had just been sustained could not be changed.  Thus, neither exception applies here.  We have essentially the same complaint, which the Court has already twice sustained.  This motion is dilatory and imposed for an improper purpose, namely to

prevent Mr. Biro from proceeding with discovery[5], and seeks a third bite at the apple.  It should be denied on procedural grounds alone.

POINT III

THE MOTION SHOULD BE DENIED<br>BECAUSE MATERIAL FACTS ARE IN DISPUTE.

A motion for judgment on the pleadings "is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice. The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted in the pleadings and only questions of law remain." 5A C. Wright & A. Miller, Federal Practice and Procedure, §1367, at 509-10 (1990 & Supp. 1991)(footnotes omitted); *Saldanha v. Baidyaroy*, 1992 U.S. Dist. LEXIS 8391 at *4-5 (S.D.N.Y. June 15, 1992); *Guy v. Astrue*, 615 F.Supp.2d 143, 158 (S.D.N.Y. 2009).  "Under Rule 12(c), a party is entitled to judgment on the pleadings if it establishes that no material facts are in dispute and that it is entitled to judgment as a matter of law based on the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir.1988).  "To survive a Rule 12(c) motion, [plaintiffs'] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir.2010)(quotation marks and

---

[5]  Defendants' counsel told the Court at the status conference on February 13, 2013 that discovery in this case would be expensive, time-consuming and international in scope.  That may be defendants' intention, but it is not plaintiff's, and it is in any event no reason for defendants to be allowed to avoid their obligations with respect to plaintiff's legitimate claims.   Their strategy is to try to bankrupt the plaintiff to prevent his claims from ever being adjudicated.

citations omitted; brackets in original).  But Mr. Biro has already met that stringent standard once; he need not do so twice.

A cursory glance at the answer (which this motion makes no reference to at all, other than to note its filing) shows that there are a host of disputed facts, including, for example, facts supporting plaintiff's allegations of malice, his prior good reputation, his assertions of falsity of the defamatory statements in the Article, and his damages.  Are the defendants really saying that despite their voluminous and detailed answer, there are no issues of fact, and that they are prepared to admit that everything in the complaint is true?  If so, then it is Mr. Biro, not defendants, who is entitled to judgment on the pleadings as a matter of law on the defamation claims which the Court has sustained.

This is an important distinction between Rule 12(b)(6) and Rule 12(c): In the former every allegation is only presumed to be true in order to test the legal sufficiency of the complaint, but in the latter, the movant's burden is to show that there are no issues of fact.  The reason for the distinction is that under 12(c), a dismissal is final and on the merits, and thus is more akin to a summary judgment motion.  There is no basis whatever at this point for this motion to be granted on the merits.  It should be seen for what it is: an attempt to prevent scrutiny of defendants' editorial processes, and to thwart the discovery to which plaintiff is entitled.

Because of these disputed facts, it is pointless to engage in a detailed refutation of the specific facts in the complaint, and the defendants' assessment of their significance.  In the course of re-litigating their first motion to dismiss, defendants go into great detail to attempt to prove that the facts alleged in the Article cannot possibly be defamatory.  But this is a motion

directed to the pleadings, not a motion for summary judgment.   The Court has already examined the Article in detail, and has concluded that portions of it are actionable.  Enough is enough.

POINT IV

THE COMPLAINT SUFFICIENTLY PLEADS MALICE,<br>
<u>WHETHER MR. BIRO IS A PUBLIC FIGURE OR NOT.</u>

Even if we ignore all of the above-discussed procedural bars to the defendants' motion, its substance is still without merit. The defendants here are the fifth defendants in this action to argue that the claims against them are defective for failure to allege that they published with actual malice, that is, either with knowledge of falsity or reckless disregard of the truth.  In support of their argument, this motion cites many of the same cases as their co-defendants, Gawker, Business International, Inc. ("BI"), Paddy Johnson, and Yale University Press ("YUP") and make remarkably similar arguments.  *Compare* defendants' Memo at 3-14, YUP Memo at 12-13, Gawker Memo at 17-19, BI Memo at 9-11, Johnson Memo at 18-19.  The significant difference here–and an indication of the defendants' desperation to avoid discovery–is that they cite cases from other Circuit Courts and District Courts.  But the controlling cases in this Circuit are plentiful enough to defeat their motion, and the others should be ignored.

Mr. Biro has previously responded to this supposed pleading deficiency, raised by the other defendants, by drawing the significant distinction between what must be initially *pleaded* with what must be <u>proven</u> at trial, so there is no need to repeat those arguments here.  The

Court is respectfully referred to Plaintiff's Memoranda in Opposition to the YUP, BI and Johnson motions (Dkt. #153 at 8-9, #119 at 3-9 and #123 at 8-11 respectively).

All of these defendants lean heavily on *Church of Scientology Int'l v. Behar*, 238 F.3d 168 (2d Cir.2001), but that case is not on point, because it is an appeal from the granting of summary judgment after years of full discovery. It can have no application to a motion to dismiss before there has been any discovery whatsoever. Furthermore, it specifically holds <u>the precise opposite</u> of the position all of the defendants have taken, that the complaint can be dismissed solely because it insufficiently pleads malice. We have said it before, but apparently must continue to repeat it:

> Libel, a method of defamation expressed in writing or print, is a common law cause of action and applies separate standards to plaintiffs who are private individuals and those who are public figures. CSI concedes that it is a public figure; therefore to prevail it must show that the statements it complains of were (1) of and concerning CSI, (2) likely to be understood as defamatory by the ordinary person, (3) false, and (4) published with actual malice, that is, either knowledge of falsity or reckless disregard of the truth....In contrast, a private plaintiff need only prove that false and defamatory statements of and concerning the plaintiff were made with gross negligence..
>
> <u>Of these inquiries, the first two should ordinarily be resolved at the pleading stage, while resolution of the falsity and actual malice inquiries typically requires discovery.</u>

238 F.3d at 173 (citations omitted; emphasis supplied).

*See also Karedes v. Ackerley Group, Inc.*, 423 F.3d 107, 119 (2d Cir.2005), which cited *Behar*, and noted in dictum that "the...actual malice inquiry typically requires discovery. Given that opportunity, Karedes may be able to adduce facts establishing the speaker's subjective doubts about the truth of the publication." Also following *Behar* are *Abakporo v. Sahara Reporters*, 2011

-13-

U.S. Dist. LEXIS 109056 at *35 (E.D.N.Y.Sept. 26, 2011), a motion to dismiss a libel claim in which the issues of falsity and malice, although ineffectively pleaded, precluded dismissal ("[t]hese questions await another day"); *Jung Sun Laundry Group Corp. v. Laundry, Dry Cleaning, & Allied Workers Joint Board*, 2010 U.S. Dist. LEXIS 116961 at *15 (S.D.N.Y. Nov. 1, 2010); and *Fehlhaber v. Bd. of Educ. of the Utica City School District*, 2010 U.S. Dist. LEXIS 115408 at *17 (N.D.N.Y. Oct. 29, 2010)("resolution of the falsity and actual malice inquiries typically requires discovery...it is premature to decide the issue of falsity and actual malice.")(citation omitted).

The defendants also cite *Egiazaryan v. Zalmayev*, 2011 U.S. Dist. LEXIS 140851 (S.D.N.Y. Dec. 7, 2011), a pre-answer motion to dismiss in which the Court held that the complaint did not sufficiently allege malice. But that case did not involve media defendants. The parties there were to an extent known to each other, and under the circumstances it would have been reasonable to expect the plaintiff to know and allege more detail about malice. In any event, given the other cases which uniformly cite and follow *Behar*, *Egiazaryan* does not state the basic rule, which is that a defamation plaintiff who must allege malice need not–indeed, in cases involving media defendants, generally cannot–plead specific facts prior to discovery.

In *Diario El Pais, S.L. v. The Nielsen Co.*, 2008 U.S. Dist. LEXIS 92987 (S.D.N.Y. Nov. 6, 2008),the Court said that plaintiff's tort claims, including trade libel, were covered by a contract between the parties, and that the case was therefore primarily a claim for breach. Thus any discussion of the pleading requirements for libel was dictum. Nonetheless, the Court said that the claim failed because plaintiff's own allegations belied any conclusion of malice, and in any event, it was not a libel claim against a media defendant.

-14-

The rule is stated in *Dalbec v. Gentleman's Companion, Inc.*, 828 F.2d 921, 927 (2d Cir.1987): "Malice may be proved inferentially because it is a matter of the defendant's subjective mental state, revolves around facts usually within the defendant's knowledge and control, and rarely is admitted." In *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 183(2d Cir.2000) the Court said:

> Although actual malice is subjective, a court typically will infer actual malice from objective facts. These facts should provide evidence of negligence, motive and intent such that an accumulation of the evidence and appropriate inferences supports the existence of actual malice...Actual malice can be established through the defendant's own actions or statements, the dubious nature of his sources, [and] the inherent improbability of the story [among] other circumstantial evidence[.] (citations and internal quotation marks omitted; alterations in original).

Further support for the rule that malice is a matter of fact to be proven, not just pleaded, is in *St. Amant v. Thompson*, 390 U.S. 727, 732, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968)(footnote omitted):

> The defendant in a defamation action brought by a public official cannot, however, automatically insure a favorable verdict by testifying that he published with a belief that the statements were true. The finder of fact must determine whether the publication was indeed made in good faith. Professions of good faith will be unlikely to prove persuasive, for example, where a story is fabricated by the defendant, is the product of his imagination, or is based wholly on an unverified anonymous telephone call. Nor will they be likely to prevail when the publisher's allegations are so inherently improbable that only a reckless man would have put them in circulation. Likewise, recklessness may be found where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports.

The complaint here alleges all three means of establishing actual malice, particularly the fact that some of the sources in the Article had well-demonstrated and long-standing animosity toward Mr. Biro, and that he sued one of them, who then defaulted. One of the sources,

Theresa Franks, claims that she worked with the New Yorker defendants for a year on the Article (complaint, ¶ 151 at 27).  Curiously, the latter deny this (Answer, Dkt #97, ¶ 151 at 20), although they admit that she was a source, *id.*, ¶ 150.  However, regardless of her importance to the Article, she had made numerous defamatory statements about him since 2007, three years before the Article was published.  She is now a defendant because of her statements after it was published.  And then there is the fact that the Court's dismissal decision specifically noted that portions of the Article had gone beyond facts set out in Canadian court proceedings, and that by interviewing the participants, defendants could not rely upon the fair-reporting privilege (Dkt. #70 at 59).  That can also support a claim of malice.

The defendants' argument, if accepted, would mean that no public figure's defamation claim against a media defendant could rarely if ever go forward.  By definition, in almost every case (except, say, where the parties know each other, or where the publisher admits it), evidence of malice is initially solely within the knowledge of the publication.  The plaintiff has at the outset no idea how a defamatory article came to be written or edited, or what the state of mind was of those responsible for it.  To require a plaintiff in such a case to plead in good faith facts regarding such knowledge, without any prior opportunity for discovery, is effectively to bar such claims altogether.  This is not the law and defendants are wrong.  Once the Court determined as it did that there was some language, any at all, in the Article which was susceptible of a defamatory connotation, that meant *ipso facto* that the claims arising from it are sufficiently pleaded.  And the claims are sufficient whether Mr. Biro is a public figure or not.[6]

---

[6]  We would argue that the Court's dismissal decision is erroneous to the extent of its
(continued...)

POINT V

THE INCREMENTAL HARM DOCTRINE DOES NOT EXIST.

The defendants argue that the Court should dismiss the entire complaint against them,

essentially on the theory that the portions of the Article which are non-actionable are already so

destructive of Mr. Biro's reputation that the statements which are actionable cannot make it

worse. First of all, the doctrine of incremental harm has been characterized as "stillborn"[7] and

it is not the law in this Circuit. Second, its application is not required by the First Amendment,

---

[6](...continued)
reliance upon Mr. Biro's supposed failure to deny specific factual averments in the Article, and its refusal to hold statements potentially defamatory solely because of the lack of such denials, despite that they are plainly and facially defamatory. A motion to dismiss a defamation complaint is based upon the presumption that the language complained of is <u>always</u> deemed denied by the plaintiff, *Goldwater v. Ginzburg,* 414 F.2d 324, 338 (2d Cir.1969)("Traditionally in cases of libel per se when New York law is the applicable law defamatory statements are presumed false and the defendant has the burden of establishing their truth"); *Rinaldi v. Holt, Rinehart & Winston, Inc.,* 42 N.Y.2d 369 (1977). While, after *Sullivan,* the burden may have shifted to the plaintiff to prove falsity, *Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 490, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975), that is still only <u>a burden of proof at trial</u>. It is not a pleading rule, requiring specific detailed denials of each and every factual assertion in a lengthy libelous publication, at the risk of having those assertions deemed admitted and thus automatically not defamatory. It is enough to challenge those assertions as false and defamatory generally, which the complaint has done.

Moreover, the burden shifting of *Cox* applies <u>only to public figures</u>, which at this point Mr. Biro is <u>not</u> presumed to be. "[I]n libel actions brought by private persons...the competing interests [are] different." *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,* 472 U.S. 749, 756, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985); *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974)(*Sullivan* does not apply to a non-public plaintiff). While Mr. Biro can now seek relief from the error only in a post-judgment appeal, we would still respectfully urge it upon the Court for its *sua sponte* consideration now.

[7] "[T]he incremental harm doctrine has never before been adopted by any federal appellate court.... The majority advances no rationale as to why we should breathe life into this stillborn doctrine." *Masson v. New Yorker Magazine, Inc.,* 895 F.2d 1535, 1566 (9th Cir.1989) (Kozinski, J., dissenting).

-17-

*Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 523, 111 S. Ct. 2419, 115 L. Ed. 2d 447 (1991)("we reject any suggestion that the incremental harm doctrine is compelled as a matter of First Amendment protection for speech. The question of incremental harm does not bear upon whether a defendant has published a statement with knowledge of falsity or reckless disregard of whether it was false or not."). Thus, it cannot be used to dismiss a claim prior to the discovery which is essential to that determination.

Third, it has never been grounds to dismiss a claim prior to discovery, but has only been successfully asserted in motions for summary judgment following discovery, on a full record. No case has been found which dismisses a pleading on the incremental harm or subsidiary meaning doctrine prior to discovery, and defendants cite none. It is a makeweight argument, further demonstrating the dilatory and harassing nature of this motion.

The subject is exhaustively discussed in *Church of Scientology Int'l v. Time Warner*, 932 F. Supp. 589, 594 (S.D.N.Y.1996). The relevant excerpt for the present motion is this:

> The incremental harm doctrine reasons that when unchallenged or nonactionable parts of a particular publication are damaging, another statement, though maliciously false, might be nonactionable on the grounds that it causes no harm beyond the harm caused by the remainder of the publication....
> The proposition that the incremental harm doctrine is grounded in the First Amendment has been rejected by the Supreme Court in *Masson v. New Yorker Magazine, Inc.*, 501 U.S. at 523. In addition, the doctrine requires a court to measure the harm flowing from the challenged statement as compared to the harm flowing from the rest of the publication, see id., and the parties have not yet conducted discovery on the issue of damages.

In support of their arguments, the defendants cite *Jewell v. NYP Holdings, Inc.*, 23 F.Supp.2d 348 (S.D.N.Y.1998) for the proposition that they can move under Rule 12 under both the subsidiary meaning doctrine and the incremental harm doctrine. But the Court there holds

precisely the opposite: "I cannot conclude, as a matter of law, that the harm which flowed from these statements is only incrementally more than the harm that flowed from the fact that Jewell was a suspect and was actively investigated by the authorities. Accordingly, the NYP's motion is denied." *Id.* at 395. Furthermore, *Time Warner*, *supra,* strongly suggests that there is no basis for an incremental harm analysis directed to a pleading, for the simple reason that there is no evidence of harm for the Court to consider, without discovery.

Defendants also cite *Galu v. SwissAir*, 1987 U.S. Dist. LEXIS 12628 (S.D.N.Y.August 3, 1987). But in that case, the plaintiff's libel claim was dismissed because the defendant's statement that plaintiff had been held as a prisoner was literally true, since she had been placed in handcuffs. Thus defendant's statement could not be defamatory.

The main case in this Circuit on the incremental harm doctrine is *Herbert v. Lando*, 781 F.2d 298 (2d Cir.1986), *cert.den.*, 476 U.S. 1182 (1986), which held, in the context of a summary judgment motion, as follows:

> [W]e hold that if the appellees' published view that Herbert lied about reporting war crimes was not actionable, other statements -- even those that might be found to have been published with actual malice -- should not be actionable if they merely imply the same view, and are simply an outgrowth of and subsidiary to those claims upon which it has been held there can be no recovery. We do not intend by our holding to permit defamation defendants to freely embellish their stories with falsehoods while remaining free from liability. In this case, however, the abundance of other evidence supporting the appellees' skepticism of Herbert's story was sufficient to justify the district court's finding of no malice. Our holding is thus limited to those cases in which statements allegedly made with knowing falsity or reckless disregard give rise to defamatory inferences that are only supportive of inferences that are not actionable. For Herbert to base his defamation action on subsidiary statements whose ultimate defamatory implications are themselves not actionable, we believe, would be a classic case of the tail wagging the dog.

781 F.2d at 312.

This carefully circumscribed holding is far more limited in its reach than what defendants are arguing: that Mr. Biro's reputation has already been so besmirched by the non-actionable portions of the Article that he cannot possibly sue as a matter of law, no matter what he might plead, no matter what malice there may have been, no matter what the evidence may show, no matter what damages he may be able to prove, and no matter what a jury might think of his evidence.

*See also* Justice Scalia's colorful dismissal of the doctrine in *Liberty Lobby, Inc. v. Anderson*, 746 F.2d 1563, 1568 (D.C.Cir.1984), *rev'd on other grounds*, 477 U.S. 242:

> The appellees...claim that the unchallenged portions of these articles attribute to the appellants characteristics so much worse than those attributed in the challenged portions, that the latter cannot conceivably do any incremental damage. This apparently equitable theory loses most of its equity when one realizes that the reason the unchallenged portions are unchallenged may not be that they are true, but only that appellants were unable to assert that they were willfully false. In any event, the theory must be rejected because it rests upon the assumption that one's reputation is a monolith, which stands or falls in its entirety. The law, however, proceeds upon the optimistic premise that there is a little bit of good in all of us -- or perhaps upon the pessimistic assumption that no matter how bad someone is, he can always be worse. It is shameful that Benedict Arnold was a traitor; but he was not a shoplifter to boot, and one should not have been able to make that charge while knowing its falsity with impunity. So also here. Even if some of the deficiencies of philosophy or practice which the appellees' articles are lawfully permitted to attribute to the appellants (which is not necessarily to say they are true) are in fact much more derogatory than the statements under challenge, the latter cannot be said to be harmless. Even the public outcast's remaining good reputation, limited in scope though it may be, is not inconsequential.

In effect, the defendants are asking this Court to declare, as a matter of law, that no additional harm can be attributable to the language which has already been held to be actionable,

-20-

and that no reasonable jury could so find.  But the Court cannot say that now, without the slightest shred of evidence, discovery, proof of damages or factual findings.  Whether the grounds are the non-existent incremental harm doctrine, or the subsidiary meaning doctrine (apparently never successful on a motion directed to a complaint), the motion is without merit.

## CONCLUSION

It is well past time for Mr. Biro to be permitted to proceed to discovery on his indisputably valid claims.  The motion should be denied in all respects, and the Court should schedule a prompt conference to establish a discovery plan.  In the alternative, we would ask for leave to replead to remedy any remaining deficiencies.

Dated: New York, New York
      March 29, 2013

LAW OFFICE OF RICHARD A. ALTMAN
Attorneys for Plaintiff
285 West Fourth Street
New York, New York 10014
212.633.0123
altmanlaw@earthlink.net
artesq@earthlink.net