LAW OFFICE OF RICHARD A. ALTMAN
Attorneys for Plaintiff
285 West Fourth Street
New York, New York 10014
212.633.0123
altmanlaw@earthlink.net
artesq@earthlink.net

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

PETER PAUL BIRO,

            Plaintiff,

  -against-                                      11-cv-4442 (JPO)

CONDÉ NAST, a division of
ADVANCE MAGAZINE PUBLISHERS INC.,
*et al.*,
            Defendants.

-------------------------------------------------------------x

      RICHARD A. ALTMAN declares as follows:

      1. I am the plaintiff's attorney and submit this declaration in support of this motion for an order directing the entry of judgment pursuant to Rule 54(b), and, in the alternative, for a certification pursuant to 28 U.S.C. § 1292(b). I write to summarize the procedural history of this action, and the reasons that the motion should be granted. Further discussion and legal arguments are in the accompanying memorandum of law.

      2. This libel action was commenced on June 29, 2011 and is about to have its third anniversary. Based upon a long article published in the New Yorker Magazine by defendant Condé Nast, and written by defendant David Grann ("the New Yorker defendants"), the action

-1-

seeks damages for defamation. There are other claims in the complaint against the other defendants, based upon their republication of certain materials originating or derived from the original article. There are also separate claims against two other defendants, Theresa Franks and a corporation of which she is the principal, Global Fine Art Registry LLC. The operative complaint is the Third Amended and Supplemental Complaint, filed on October 12, 2012 (Dkt. #92)("TASC").

3. The Court has had before it, since November 2013, a motion and cross-motion with respect to those two defendants, in which the parties have each moved for judgment in their favor (Dkt. ## 178 and 189). The defendants have moved for dismissal; the plaintiff has moved for partial summary judgment on the issue of liability, with the issue of damages determined at a later date by a jury.

4. On October 31, 2011, the New Yorker defendants moved to dismiss the claims in the initial complaint against them on the grounds, inter alia, of failure to state a claim, and that the statements alleged to be defamatory were protected by the judicial reporting privilege (Dkt. #20). Plaintiff opposed the motion (Dkt. #28). On August 9, 2012, the Court granted the motion in part and denied it in part, holding, among other things, that four statements in the article were susceptible of a defamatory connotation (Dkt. #70). The decision is reported at 883 F.Supp.2d 441.

5. Following the decision, the New Yorker defendants filed an answer on November 20, 2012 (Dkt. #97), and then moved for a declaration that plaintiff was a limited-purpose public figure, and also pursuant to Rule 12(c) for judgment on the pleadings (Dkt. #105). The other

defendants also moved for dismissal on the same grounds as those advanced by the New Yorker defendants, and plaintiff opposed the motions.

6. On August 1, 2013, the Court filed an opinion determining that plaintiff was a limited-purpose public figure (Dkt. #168). Further, said the Court, the TASC was insufficient, because it failed to plead malice sufficiently to satisfy the standards of *Twombly* and *Iqbal*. The Court thus dismissed all claims against all defendants, other than defendants Franks and Global. The decision is reported at 963 F.Supp.2d 255.

7. Defendants Franks and Global had moved to dismiss on personal jurisdiction grounds, and the Court had held the decision on that motion in abeyance, permitting limited jurisdictional discovery to afford plaintiff the opportunity to meet his burden of proof on the issue. This is the only discovery which plaintiff has had; all other discovery has been stayed since November 2011, when the New Yorker defendants filed their first motion to dismiss (Dkt #23).

8. Following that jurisdictional discovery, defendants Franks and Global moved to dismiss on jurisdictional grounds, and plaintiff cross-moved for summary judgment as to liability (Dkt. ## 178 and 189). Those motions were submitted in November 2013, and remain *sub judice* to the present time.

SUMMARY OF REASONS FOR GRANTING THIS MOTION

9. In the ten months since the Court dismissed all claims against all defendants (other than Franks and Global), plaintiff has been prevented from seeking appellate review of that dismissal, because the pendency of the remaining claims prevents the entry of the final judgment which is the basic jurisdictional requirement for appellate review, by 28 U.S.C. § 1291(a).

10. In that time, plaintiff's career has been devastated by the article, the damage of which continues to the present time. He has been forced to sell his home at a loss and his income has plummeted. There have been additional defamatory publications about him, intimating that he is an art forger, which have caused him to bring a new action in State Supreme Court, continuing to seek to restore his reputation. It is unjust that he be forced to wait to seek the appellate review which is his right just because the remaining claims against defendants Franks and Global remain unresolved, and may remain so for some time.

11. Those claims, while significant, are far less so than those against the New Yorker defendants. But their long pendency can only result in further delay. The pending motion and cross-motion, when they are ultimately decided, will either result in dismissal (and hence the issuance of a final judgment against all defendants) or, if plaintiff's cross-motion for summary judgment is granted, in further proceedings in this Court, culminating in a trial on the issue of damages. If the Court agrees that Franks and Global defamed Mr. Biro, the question of damages is for a jury.

12. This is the prototypical case for application of either Rule 54(b) or § 1292(b). First, there is no just cause for delay. The claims against Franks and Global can, if the cross-motion is granted, continue to be litigated in this Court while the appeal is pending, or they can be stayed. But the issues raised by the claims against the New Yorker should be reviewed now, because whether Mr. Biro is a public figure, and whether the burden of pleading placed upon him is insurmountable in the absence of discovery, are difficult and novel issues, whose lack of

ultimate resolution is a source of continuing damage to him. There is precedent for reviewing a libel plaintiff's status as a public figure in an interlocutory appeal.

13. Second, this Court's opinion concluding that the TASC is insufficient, for failure to plead malice with sufficient specificity, is in direct contradiction to New York law. In this diversity case, the Court is obliged to follow the law of the forum state, and that law is uniform in holding that a public figure can allege malice generally in a defamation complaint. Certainly malice must be proven as part of a public figure's burden of proof, but that is not a pleading requirement. This contradiction appears to violate the Rules Enabling Act, 28 U.S.C. § 2072(b), which provides that the federal "rules shall not abridge, enlarge or modify any substantive right." In dismissing the TASC, this Court interpreted Rule 9(b), which allows malice or state of mind to be pleaded generally, so as to require specific factual allegations. But under New York law, such specific facts are not required. Thus, the Court's interpretation of Rule 9(b) deprived plaintiff of a substantive right which he would have under New York law, namely the right to proceed to discovery on the basis of having filed a legally sufficient complaint.

14. Third, it is unprecedented for the New Yorker defendants to have been afforded two opportunities to dismiss the complaint. This is especially insupportable in view of the Court's having already found that the complaint is sufficient, insofar as it alleges potentially libelous communications. Can a complaint be valid under one theory but invalid under another? Either a complaint states a claim upon which relief can be granted or it does not. Having determined that the New Yorker article contained four potentially defamatory passages, the case should then have moved toward discovery.

15. As a matter of constitutional law, a public figure libel plaintiff must prove the existence of malice, either at trial or in the context of a summary judgment motion. But at the same time, Rule 9(b) says that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." And without the opportunity for discovery, it is nearly impossible for any libel plaintiff to either plead or prove malice.

16. Especially is this true against a media defendant, whose editorial processes are a "black box," not open to scrutiny absent discovery. Indeed this Court acknowledged as much in its August 1, 2013 opinion, stating (963 F.Supp.2d at 279 n. 16):

> Biro's complaint about requiring plausibility before discovery undoubtedly gets to the very heart of the controversy surrounding the modern interpretation of Rule 12(b)(6)...Of course, the job of a district court is not to weigh in on such policy matters, but to faithfully apply the laws as construed by higher courts.

17. But the higher court here, the Second Circuit, has not yet ruled on the significant policy issue of how to plead malice in a public figure defamation claim against a media defendant, and to reconcile *Twombly* and *Iqbal* with Rule 9(b): "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Nor has it ruled on the apparent conflict with New York State law created by this Court's decision. The decision cited cases from the First and Fourth Circuits, and this district, none of which is on point. This case thus appears to raise issues of first impression in the Second Circuit.

18. Given the obvious importance of the issue in the nation's media capital, the lack of any controlling authority, and most significant of all, the fact that New York law dictates a contrary result, it should be asked to do so. Otherwise, defamation claims against media defendants will become all but impossible in this Circuit. After all, it is the rare case indeed

where a plaintiff can know in advance the state of mind of those who wrote and edited a defamatory article. No reporter, editor or publisher will say openly, "we know what we are about to publish is probably false, but we are going ahead anyway."

19. There are sufficient issues raised by this case to justify either the immediate entry of a separate judgment on the claims against all of the defendants other than Franks and Global, or a certification that there are controlling questions of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation, or both. I respectfully request that this motion be granted.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 25, 2014.

_____
RICHARD A. ALTMAN