LAW OFFICE OF RICHARD A. ALTMAN
Attorneys for Plaintiff
285 West Fourth Street
New York, New York 10014
212.633.0123
altmanlaw@earthlink.net
artesq@earthlink.net

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

PETER PAUL BIRO,

                   Plaintiff,

      -against-                    11-cv-4442 (JPO)

CONDÉ NAST, a division of
ADVANCE MAGAZINE PUBLISHERS INC.,
*et al.*,
               Defendants.

-------------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
<u>ENTRY OF PARTIAL JUDGMENT OR FOR CERTIFICATION</u>

Dated: New York, New York
      June 25, 2014

TABLE OF CONTENTS

POINT I:

RULE 54(b) PERMITS ENTRY OF FINAL JUDGMENT FOR ALL
DEFENDANTS WHOSE MOTIONS TO DISMISS HAVE BEEN GRANTED.. . . . . . 1


POINT II:

CERTIFICATION UNDER 28 U.S.C. § 1292(b) IS APPROPRIATE HERE.. . . . . . . . . 4


CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Plaintiff Peter Paul Biro's attorneys, Law Office of Richard A. Altman, submits this memorandum of law in support of his motion for an order entering judgment pursuant to Rule 54(b), or for certification of certain legal issues for appeal, pursuant to 28 U.S.C. § 1292(b).  As will be demonstrated, there is both (1) no reason for delay in the entry of a separate final judgment pursuant to the provisions of the Court's order of August 1, 2013, with respect to all claims against all defendants except for defendants Franks and Global; and (2) good reason to certify that the prior orders of this Court involve controlling questions of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  This motion should be granted.

POINT I

RULE 54(b) PERMITS ENTRY OF FINAL JUDGMENT FOR ALL
DEFENDANTS WHOSE MOTIONS TO DISMISS HAVE BEEN GRANTED.

Rule 54(b) provides that:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Whether to invoke the Rule is committed to the discretion of the District Court, and is reviewable according to that standard.  *See generally Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980); *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 631 (2d Cir.1995)(district court must

both make an express determination that there is no just reason for delay and make an express direction for the entry of judgment).

In considering whether to invoke Rule 54(b), a District Court must provide a reasoned explanation, and not merely repeat the words of the Rule.  Otherwise, the Court of Appeals will remand the determination to the District Court for an explanation.  *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629-30 (2d Cir.1991).  *See also Krys v. Pigott*, 2014 U.S. App. LEXIS 6666 (2d Cir. April 11, 2014)(certification sufficient where there was no overlap with other potential appellants, and no other claims likely to be appealed).

There is no issue that this Court's opinion and order of August 1, 2013 is final with respect to all of the defendants in this action, except for defendants Franks and Global.  The Court has dismissed all claims against those defendants pursuant to either Rule 12(b)(6) or 12(c).  Thus the only considerations are whether there is just cause for delay, whether the claims are separable, and whether the same issues proposed to be raised on an appeal would arise again.

First, there is no just cause for any further delay.  The claims against defendants Franks and Global have been the subject of motions to dismiss, and for summary judgment, since November 2013.  If the plaintiff's cross-motion for summary judgment is granted, the claim will still need be tried before a jury to determine the amount of plaintiff's damages, thus delaying the final judgment further.  If those defendants' motion is granted, then indeed the case will be final.  But it is simply unfair for Mr. Biro to wait any longer to find out.  His interest in preserving and restoring his good name is not merely a matter of money, but in having the opportunity to prove to a jury the falsity of the statements about him, and to testify regarding the grave damage to his

profession and livelihood which they caused.  Moreover, the libels of which defendants Franks and Global stand accused, while certainly serious, are not as damaging to his reputation as those committed by the New Yorker, whose circulation and influence are far more significant, and whose influence and defamatory utterances continue to plague Mr. Biro to this day, nearly three years since he brought this action.

Second, the claims here are completely separable.  No defendant has asserted a cross-claim against any other defendant, and there is nothing left to be determined with respect to the dismissed claims.  The claims have no legal relation to each other, except that they arose from the original New Yorker article.  But the defendants all used different language, published at different times.  Conversely, they have all raised as a defense that Mr. Biro is a public figure and that the TASC fails to plead malice sufficiently.  And the Court has granted their motions primarily on that basis.

The issues to be raised on appeal include (1) whether Mr. Biro is a public figure, (2) if he is, what the proper Rule 9(b) pleading standard for malice is;  (3) whether the TASC satisfies that standard, assuming it applies; (3) how to reconcile the Court's interpretation of Rule 9(b) with New York law regarding the pleading of malice; and (4) whether defendants were entitled to bring two dismissal motions against the same complaint.  By contrast, the issues in the claims against Franks and Global mostly involve long-arm jurisdiction.  So there is no danger of the same issues re-appearing later in this case.

The public figure status of a defamation plaintiff has been the subject of interlocutory appeals.  In *Foretich v. Capital Cities/ABC*, 37 F.3d 1541 (4thCir.1994), the District Court had

ruled that the plaintiffs were private individuals, and then certified the question pursuant to §1292(b). The Circuit Court, in an exhaustive opinion, upheld that designation, noting that there is a presumption that a defamation plaintiff is a private person, and that the plaintiffs' public responses to accusations of child molestation did not render them public figures.

*See also Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583 (1st Cir.1980), in which the District Court dismissed a negligence claim, entered a Rule 54(b) final judgment, and certified an appeal from its ruling compelling disclosure from a confidential source. The Circuit Court ruled that the plaintiff was not a public figure, and remanded the issue of confidential disclosure to the District Court, for its further balancing of the plaintiff's rights with the First Amendment issues.

Most recently, there is *Makaeff v. Trump University, LLC*, 715 F.3d 254 (9th Cir.2013), *reh. en banc den.*, 736 F.3d 1180 (9th Cir.2013), an interlocutory appeal in which the Court reversed the District Court and ruled that Trump University, owned by the eponymous developer, was itself a limited purpose public figure.

Accordingly, the standards of Rule 54(b) have been satisfied. The Court should make an express determination that there is no just reason for delay, and should make an express direction for the entry of judgment with respect to all defendants other than Franks and Global.

POINT II

CERTIFICATION UNDER 28 U.S.C. § 1292(b) IS APPROPRIATE HERE.

That section provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law

as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

As used in the statute, the phrase "a controlling question of law" can "include a procedural determination that may importantly affect the conduct of an action." *In re Duplan Corp.*, 591 F.2d 139, 148 n. 11 (2d Cir.1978)*, citing Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 n. 27 (1978); *see generally Klinghoffer v. S.N.C. Achille Lauro Ed Altri-gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21 (2d Cir.1990).

The first issue which involves a controlling question of law, as to which there is substantial ground for difference of opinion, is that, under New York State law, the complaint in this action is sufficient, and almost certainly would not have been dismissed had the action been brought in State court.  Although this Court dismissed the claims against the defendants primarily because it said that the TASC insufficiently stated facts to support a finding of malice, it is unquestionable that, under New York law, the TASC states defamation claims, and sufficiently pleads the existence of malice.  Therefore, the Court's ruling raises federalism concerns.   As will be argued, it potentially violates the Rule Enabling Act, 28 U.S.C. § 2072(b), which provides that the federal "rules shall not abridge, enlarge or modify any substantive right," and whether it does so is properly a ground for appellate review.

"Although replete with First Amendment implications, a defamation suit fundamentally is a state cause of action." *Marcone v. Penthouse Int'l Magazine for Men*, 754 F.2d 1072, 1077 (3d

Cir.1985).  Therefore, in this diversity case, the Court is obliged to follow the law of New York. But that law is directly opposed to this Court's ruling.  New York cases are uniform and long-standing in requiring that a public figure must <u>prove</u> actual malice in order to prevail, but equally recognizing that his ability to do so at trial cannot be determined in the pre-discovery context of a motion to dismiss.  Rather, it is sufficient just to plead malice for the motion to be denied, so long as the language complained of is susceptible of a defamatory connotation.  Once that threshold is reached, a public figure must eventually prove malice in order to succeed, but is always entitled to discovery to establish its existence.

Among the cases which so hold are *People v. Grasso*, 21 A.D.3d 851, 853, 801 N.Y.S.2d 584, *dism. on other grds.* 11 N.Y.3d 64 (2008)(1st Dept.2005)("Whether Grasso (who concedes that he is a public figure) will be able to sustain his burden of proving actual malice at trial cannot be determined at this pre-discovery stage of the litigation"); *Arts4All, Ltd. v. Hancock*, 5 A.D.3d 106, 109, 773 N.Y.S.2d 348 (1st Dept.2004);  *Terry v. County of Orleans*, 72 A.D.2d 925 (1st Dept.1979)("appellant had no obligation to show evidentiary facts to support her allegations of malice on a motion to dismiss a complaint.");  *Mellen v. Athens Hotel Co.*, 153 A.D. 891 (1st Dept.1912)("An inference of malicious intent may arise from the writer's inclusion of expressions beyond such as are necessary for the purpose of the privileged communication, but, whatever the proof available, the plaintiff need not allege his evidence.").  *Martin v Daily News, L.P.*, 2009 NY Slip Op. 31603(U), 2009 N.Y. Misc. LEXIS 3858 (Sup.N.Y.Co. July 20, 2009).[1]

---

[1]  It is significant that New York considers its own constitutional protection of freedom of the press to exceed that provided by the First Amendment to the U.S. Constitution.  *O'Neill*
(continued...)

-6-

Since the language in the article has already been determined to be potentially defamatory under New York law in this Court's decision of August 9, 2012, that should have been the end of the matter as far as further challenges to the pleading were concerned. Both of the two major Supreme Court pleading cases, *Twombly* and *Iqbal,* were cases from the Second Circuit, which had originally upheld the validity of the complaints. But those cases involved federal antitrust claims and *Bivens* claims, by contrast with this diversity case, where *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) and the Rules Enabling Act impose federalism considerations.

Moreover, even though the holdings of those two cases are not necessarily limited to federal claims, public figure libel claims are unique, in that they necessarily implicate a defendant's state of mind, private information which is essentially unknowable without discovery. "[W]hen the defendant controls critical private information, *Iqbal* creates an apparent catch-22 for plaintiffs, requiring them to plead information they do not know but denying them a means of discovering that information." Noll, The Indeterminacy of Iqbal, 99 Geo. L.J. 117, 120 (2010). If the Federal Rules of Civil Procedure are to be construed so as determine the

---

(...continued)

*v. Oakgrove Constr., Inc.*, 71 N.Y.2d 521, 529 n. 3 (1988)("protection afforded by the guarantees of free press and speech in the New York Constitution is often broader than the minimum required by the First Amendment"); *and see Immuno AG v. Moor-Jankowski*, 77 N.Y.2d 235, 249-50 (1991), containing an extensive analysis of the contrast between State and Federal defamation law. Yet when it comes to defamation suits, New York courts nonetheless provide public figures the opportunity to collect evidence to prove their claims, and do not dismiss their cases without giving them that opportunity. This Court's elevation of the defendants' First Amendment rights over the rights of a libel plaintiff is one thing. But it is a bizarre and unacceptable outcome when a New York state court (where those rights are greater) would nonetheless permit the present claims to proceed.

outcome of a state law claim here–as opposed to the procedure by which the claim is to be litigated–the Second Circuit should be the one to say so.

Thus, plaintiffs who bring libel claims in New York state courts–even public figures–need not plead facts showing the existence of malice, but may set it forth generally. Then, so long as the plaintiff meets the threshold requirement to show the existence of potentially defamatory language, he is entitled to proceed to discovery.

This conflict was easily avoidable, because the plain text of Rule 9(b) is completely consonant with New York case law as to whether a defamation complaint states a cause of action). Both say that malice may be pleaded generally. It is only this Court's interpretation of Rule 9(b) in this defamation claim which makes the difference. But pleading is not supposed to be an end in itself, *Twombly* and *Iqbal* notwithstanding, especially when it would defeat the claim in one forum but permit it in another.

The difference in the outcome here would appear to violate the Rules Enabling Act, 28 U.S.C. § 2072(b), which provides that the federal "rules shall not abridge, enlarge or modify any substantive right." Surely, an interpretation of a rule of procedure which bars a claim in federal court but would permit it in state court amounts to the abridgement of a substantive right. It violates "the *Erie* prohibition of court-created rules that displace state law." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 412 n. 9 (2010),, and "the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)(footnote omitted).

In *Shady Grove*, the Supreme Court held, 5-4, that Rule 23's class action provisions prevailed over New York CPLR 910(b), which would have barred the action. Justice Stevens's concurrence in that case addressed the conflict between federal and state substance and procedure rules at length, and makes many points which are relevant here, to demonstrate the difficulty of the issues, and to demonstrate that there are legitimate grounds for a difference of opinion:

> [F]ederal rules must be interpreted with some degree of sensitivity to important state interests and regulatory policies, and applied to diversity cases against the background of Congress' command that such rules not alter substantive rights and with consideration of the degree to which the Rule makes the character and result of the federal litigation stray from the course it would follow in state court....
> In our federalist system, Congress has not mandated that federal courts dictate to state legislatures the form that their substantive law must take. And were federal courts to ignore those portions of substantive state law that operate as procedural devices, it could in many instances limit the ways that sovereign States may define their rights and remedies. *When a State chooses to use a traditionally procedural vehicle as a means of defining the scope of substantive rights or remedies, federal courts must recognize and respect that choice.* 559 U.S. at 418-19, 420-21 (quotation marks and citations omitted; emphasis added).

This Court's interpretation of Rule 9(b) was broader than the text of the rule, and it created a conflict with the New York rules of pleading in a public figure defamation claim. The rule says in pertinent part that "(b)..In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Thus, the rule imposes a heightened pleading standard upon allegations of fraud or mistake, which by implication cannot be alleged generally. But the rule's plain language is that malice may be alleged generally, without the need to plead specific facts. Were its plain language applied to this case, the complaint

would be deemed sufficient, such a conclusion would comport with New York law, and there would be no conflict.  But because the Court deemed itself bound to impose a heightened pleading requirement as to malice (despite the absence of controlling Second Circuit authority), it created an unnecessary conflict with New York law.  There are reasonable arguments to be made that this Court's interpretation is incorrect, and, given the outcome-determinative scope of that interpretation, there are grounds for an appeal.

Moreover, the issues of whether the New York rule of pleading is substantive or procedural, and whether Rule 9(b) should be interpreted so as to comport with it, to avoid *Erie* federalism and Rules Enabling Act problems, are surely subject to differing interpretations which justify appellate review.  The point is to avoid "substantial variations [in outcomes] between state and federal litigation" which would "likely…influence the choice of a forum," *Hanna v. Plumer*, 380 U.S. 460, 467-468 (1965).  *See also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001).

Also relevant here, and another issue for appeal, is that the Court's refusal to permit any discovery on the issue of malice added substantially to plaintiff's burden, indeed made it impossible to meet.   In *Herbert v. Lando*, 441 U.S. 153 (1979), the Supreme Court refused, in a defamation suit by a public figure, to add to plaintiff's burdens by precluding inquiry into the editorial process, and allowed it to go forward. And in three cases, *Garland v. Torre*, 259 F.2d 545 (2d Cir.1958), *cert.den.* 358 U.S. 910; *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583 (1st Cir.1980), and *Miller v. Transamerican Press*, 621 F.2d 721 (5th Cir.1980), the Circuit Courts

-10-

decided interlocutory appeals from orders compelling disclosure of confidential sources.  Yet plaintiff here has had no disclosure from anyone.

He is thus in the impossible position of being (1) unable to go forward with any discovery to collect evidence to meet his burden to prove malice and at the same time (2) unable to challenge his status as a limited-purpose public figure, which if it were reversed, would obviate that burden altogether.

It is intolerable for the Federal Rules of Civil Procedure to be construed so as to have a substantive outcome on an otherwise actionable claim for defamation, when the law of the forum state would permit the claim to proceed.  If that is truly to be the rule in federal court in New York–totally at odds with state law–the Second Circuit should be the one to say so.

## CONCLUSION

Mr. Biro's status as a public figure or private individual is a question of law.  Whether the allegations of malice in the TASC are sufficient is a question of law.  Whether Rule 9(b) should be interpreted under New York law to deem the allegations of malice sufficient, and whether this Court's interpretation violates the Rules Enabling Act, are questions of law.  Whether Mr. Biro is entitled to discovery to support his burden of proof as to malice–assuming that he is a public figure–is a question of law.  Appellate resolution of these difficult, significant and unsettled questions now would materially affect the conduct, scope and ultimate outcome of this litigation, and the Court should permit them to be raised.

There is no just reason for delay in permitting Mr. Biro to appeal from this Court's dismissal of his claims against the media defendants, and to direct entry of judgment in

accordance with Rule 54(b).  There are also good reasons for the Court to find that there are

controlling questions of law in this case, as to which there is substantial ground for difference

of opinion, and that an immediate appeal may materially advance the ultimate termination of the

litigation.  This motion should be granted.


Dated: New York, New York
        June 25, 2014

LAW OFFICE OF RICHARD A. ALTMAN
Attorneys for Plaintiff
285 West Fourth Street
New York, New York 10014
212.633.0123
altmanlaw@earthlink.net
artesq@earthlink.net