LAW OFFICE OF RICHARD A. ALTMAN
Attorneys for Plaintiff
285 West Fourth Street
New York, New York 10014
212.633.0123
altmanlaw@earthlink.net
artesq@earthlink.net

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

PETER PAUL BIRO,

        Plaintiff,

  -against-                                     11-cv-4442 (JPO)

CONDÉ NAST, a division of
ADVANCE MAGAZINE PUBLISHERS INC.,
*et al.*,
        Defendants.

---------------------------------------------------------------x


REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION FOR ENTRY OF PARTIAL JUDGMENT OR FOR CERTIFICATION


Dated: New York, New York
      July 14, 2014

Plaintiff Peter Paul Biro's attorneys, Law Office of Richard A. Altman, submit this reply memorandum in response to the opposition memorandum submitted by defendants Conde Nast and David Grann. None of the other defendants has submitted anything regarding this motion.

The opposition memorandum mischaracterizes this motion and misstates the law. This motion seeks no relief against any of the defendants, but seeks merely to accelerate the plaintiff's exercise of a right which he already possesses, the right of an aggrieved party to appellate review of an adverse determination, and to seek that review prior to a judgment which resolves all claims against all parties. This motion is only necessary because of the delay in determining a motion and cross-motion[1] which have been *sub judice* since November 2013, and it is directed solely to the discretion of the Court, and to its views regarding the important and novel issues which this case raises. Defendants will lose nothing if this motion is granted tomorrow. But Mr. Biro loses every day that he is unable to seek to vindicate and restore his reputation, and to try to prove that the New Yorker and David Grann have grievously and tortiously wronged him, and that the other defendants contributed to that wrong.

Therefore, it cannot be said that plaintiff has unduly delayed in the making of this motion. He was entitled to wait a reasonable time after the motions were submitted, but the ongoing damage to Mr. Biro's reputation caused by the New Yorker article fully justifies his refusing to wait any longer for a final appealable judgment or order.

---

[1] There are actually three motions which are *sub judice*. As defendants correctly point out, plaintiff inadvertently omitted Louise Blouin Media's motion for judgment on the pleadings, and we regret the error. This has no effect on the analysis; if anything it further justifies the relief sought, since it increases the possibility of further delay until all three motions are adjudicated.

Defendants Condé Nast and Grann make no argument regarding that portion of the motion which seeks an order under Rule 54(b). As to the certification issue, they raise two points: First, they claim that Mr. Biro is attempting to raise an appellate argument which was not previously raised, namely that this Court's decision violates the Rules Enabling Act. But this argument is being raised here, not in the Second Circuit. And it is not being advanced in the context of a motion for reconsideration, the time for which has long passed. Of course, if the Court elects to consider it as such, and address it on its merits, plaintiff would have no objection. The doctrine of law of the case permits a Court to revisit its prior rulings at any time, even *sua sponte*. But it is not frivolous to contend that there is something very wrong when a common-law defamation complaint would proceed to discovery in a state court, but is dismissed in a federal court sitting in diversity in that state. An antitrust claim, or a *Bivens* action, is a federal claim, subject to federal rules of pleading. But this is not a federal claim.

Second, these defendants argue that the Rules Enabling Act does not bar the outcome here. But whether a heightened pleading standard in a state-law defamation claim is appropriate, especially when the result is a dismissal with prejudice, is at the least a legitimate issue as to which opinions can differ.

The cases these defendants cite do not support their position. Both *Huelbig v. Aurora Loan Servs., LLC*, 2011 WL 4348275 (S.D.N.Y. Sept. 16, 2011) and *Fillmore East BS Fin. Subsidiary LLC v. Capmark Bank*, 552 Fed.Appx. 13, 20 n. 1 (2d Cir.2014), a claim to pierce the corporate veil on an alter ego theory, says that "[f]ederal pleading standards apply in diversity cases." This is undisputed as a general statement. But the footnote in the latter case says that

-2-

the same result would obtain under New York or California state law. Thus, in that case, there was no conflict between federal pleading rules and state law. This is not our case, which squarely presents such a conflict between this Court's interpretation of federal pleading standards and New York law regarding pleading malice.

Defendants also cite *Kelly v. Schmidberger*, 806 F.2d 44 (2d Cir.1986), which said that the failure to set forth allegedly defamatory language *in haec verba* did not preclude consideration of whether the statement was actionable, because Rule 8 governed the pleading. Notably, the decision goes on to say that "[u]nder Rule 8(e)(1), the standards for sufficiency of the pleadings are liberal," an observation which no longer has any validity after *Twombly* and *Iqbal*. Nonetheless, that decision does not violate the Rules Enabling Act, because, under New York law, the failure to set out the language in full would be an amendable defect, and thus the outcome would have been the same. It is only when the outcome would be different that federalism concerns arise.

*Haywood v. St. Michael's College*, 536 F. Appx. 123 (2d Cir.2013) was an appeal from the District Court in Vermont, which based its decision on the defamation law of New Hampshire and North Carolina. 2012 U.S. Dist. LEXIS 177468 (D.Vt., Dec. 14, 2012). The District Court had held that the complained-of statements did not state a claim under the laws of either state, and in addition, did not adequately plead malice. *Id.* at *15-16. Thus, the conclusions regarding malice were dicta. Even so, the Court noted "the usual need for a certain amount of discovery to uncover inherently subjective portions of a cause of action," but said that there were no facts alleged to suggest malice. *Id.* at n. 18 at *43. Yet neither state's laws were comparable to New

York's, which would have permitted Mr. Biro's claims to proceed to discovery. In Mr. Biro's case, moreover, this Court has already concluded that these defendants published four potentially defamatory statements about him. Yet it further held that the factual allegations in the TASC were not sufficient to allege malice.

The fundamental rule is stated in *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945): "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." In another case defendants cite, *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663 (7th Cir.2008), the Court upheld a complaint under federal pleading rules which would have been insufficient under Illinois law–the exact opposite of the situation here. When a complaint is sustained, it only means that the case goes forward, with the ultimate outcome still to be determined under state law. But when a complaint is dismissed under federal procedural rules, while it is sufficient under state law, that does determine the outcome, not merely the mode of reaching it. Thus, the outcome in the present case was substantive, not procedural.

Moreover, except for *Haywood*, *supra* (which did not present the conflict we have here), the cases cited by these defendants also predate the important Supreme Court case of *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), which they do not address at all. That case requires a different outcome from the one which this Court reached, and we urge its consideration and application to the present facts.

CONCLUSION

This motion should be granted and the Court is respectfully requested to render its decision as soon as possible.

Dated: New York, New York
July 14, 2014

*Richard A. Altman*

LAW OFFICE OF RICHARD A. ALTMAN
Attorneys for Plaintiff
285 West Fourth Street
New York, New York 10014
212.633.0123
altmanlaw@earthlink.net
artesq@earthlink.net